1  PETER M. STONE (SB# 157994)
   peterstone@paulhastings.com
2  PANTEHA ABDOLLAHI (SB# 230002)
   pantehaabdollahi@paulhastings.com
3  PAUL HASTINGS LLP
   695 Town Center Drive
4  Seventeenth Floor
   Costa Mesa, CA 92626-1924
5  Telephone: (714) 668-6200
   Facsimile: (714) 979-1921
6
   EDWARD HAN (SB# 196924)
7  edwardhan@paulhastings.com
   PAUL HASTINGS LLP
8  55 Second Street
   Twenty-Fourth Floor
9  San Francisco, CA 94105
   Telephone: (415) 856-7000
10 Facsimile: (415) 856-7100

11 Attorneys for Defendant
   SEDGWICK LLP
12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

| 16 | THOMAS A. SEAMAN, Receiver, | CASE NO. SACV11-664 DOC (RNBx) |
|----|-----------------------------|--------------------------------|
| 17 | Plaintiff, | **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL; EXHIBIT A ATTACHED HERETO** |
| 18 | vs. | |
| 19 | SEDGWICK, LLP, | |
| 20 | Defendant. | Complaint filed: May 2, 2011<br>Trial date: Unassigned |

21
22
23
24
25
26
27
28

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(c)(7), and based upon the stipulation by and between plaintiff Thomas Seaman and defendant Sedgwick LLP, by and through their respective counsel of record, the Court hereby orders that the following Confidentiality Order shall govern the designation and handling of confidential information regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1. Any party to this action and any non-party who produces documents or other information in this action may designate such information as "CONFIDENTIAL" pursuant to this Order. The following material may be designated: (a) material which the producing party believes, in good faith, is subject to protection under Rule 26(c)(1)(G), such as proprietary business or financial information; (b) information subject to a legally protected right of privacy; (c) information as to which third parties have reserved the right, by contract or otherwise, to object to or resist disclosure; and (d) other information not generally a matter of public record, or information that a party or non-party would not normally reveal to third parties or would cause third parties to maintain in confidence, including confidential research, development, commercial or personal information.

2. Information deemed confidential pursuant to this Order shall be designated by stamping or otherwise affixing to the information the legend "CONFIDENTIAL." The legend shall be stamped or affixed so as not to obscure or deface the information. The designation of any information as "CONFIDENTIAL" pursuant to this Order shall not constitute an adjudication that such information, in fact, constitutes or contains such confidential information.

3. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL," the proposed filing shall be accompanied by an application to

file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

4.   Any party or deposition witness who wishes to designate as confidential deposition testimony may do so on the record during the deposition, or within thirty (30) days after receipt of the deposition transcript by providing written notice of the designation to the parties and any other affected person.  If the designation is made on the record at the deposition, the person making the designation shall be responsible for assuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are marked by the reporter in the manner described herein.  If the designation is made by notice after receipt of the transcript, any party receiving notice of the designation shall stamp as "CONFIDENTIAL" the designated portions of the copies of the transcript in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party likewise are appropriately stamped.

5.   If any document or information designated as "CONFIDENTIAL" pursuant to this Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.  The court reporter for the deposition shall mark the cover page of the deposition transcript and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 2 of this Order.  Only individuals who are authorized by the terms of this Order to see or receive such material may be present during the discussion or disclosure of such material.

6.   Any party may designate as "CONFIDENTIAL" any documents or information previously produced or disclosed without such designation by the producing party, within sixty (60) days of such production or disclosure, by

delivering written notice to the counsel who requested or obtained the confidential material and by providing to all parties copies of the documents with the "CONFIDENTIAL" legends. No party shall be liable for publicly disclosing a document deemed confidential if that disclosure occurred prior to receipt of said written notice.

7. In the event that, at any time, any party disagrees with another party's designation of any material as "CONFIDENTIAL," the parties shall confer in good faith to resolve the dispute. In conferring, the objecting party must explain in writing, sent via U.S. mail and e-mail, the basis for its belief that the confidentiality designation was not proper. The objecting party must also meaningfully identify the objectionable material, and must give the designating party an opportunity to review the designated material, to reconsider the circumstance, and, if no change in designation is offered, to explain the basis for the chosen designation. If the objections are not resolved on an informal basis within fifteen (15) calendar days after the objecting party gives notice in writing to the designating party, either party may submit to the Court the appropriate noticed motion that is made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). Notwithstanding the foregoing, the burden to prove that information has been properly designated as "CONFIDENTIAL" shall be on the party making such designation. Any disputed document or other material shall be treated as confidential until the Court rules otherwise.

8. All persons receiving confidential information pursuant to this Order are prohibited from disclosing such information and shall keep such information confidential as provided herein. This Order shall remain in full force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom confidential information is disclosed hereunder.

9. All information designated as "CONFIDENTIAL" pursuant to this Order shall be used by counsel for the parties to this action only for the purpose of this litigation and shall not be used for any business, financial or other purpose whatsoever.

10. Except by agreement between the parties or further order of this Court, information designated as "CONFIDENTIAL" pursuant to this Order shall not be disclosed to any person other than the following:

   (a) The Court and any Court staff and administrative personnel;
   (b) Counsel for any party to this action, including support staff of such counsel;
   (c) Counsel for any insurer or indemnitor of any defendant, including support staff of such counsel;
   (d) Named parties and/or partners, officers or employees of any party to this action who are assisting counsel in the prosecution or defense of this action;
   (e) Any court reporter employed in this litigation and acting in that capacity;
   (f) Experts or consultants retained by counsel to assist in the preparation of this action or to testify at trial or at any other proceeding in this action;
   (g) Any actual or potential witness in this action;
   (h) Any person testifying at a deposition in this action; and
   (i) Any person identified as having authored or previously received such material.

11. Counsel desiring to reveal confidential information to any of the persons referred to in paragraph 10(f)-(g) shall inform such person that the material is subject to this Confidentiality Order and shall provide such person with a copy of this Order and a copy of Exhibit A prior to disclosure of any material designated as

"CONFIDENTIAL". Counsel desiring to reveal confidential information to any of the persons referred to in paragraph 10(f)-(g) shall receive a signed copy of Exhibit A before disclosing any material designated as "CONFIDENTIAL" to such person and shall maintain the executed copy of Exhibit A. In the event that a non-party refuses to sign Exhibit A, and the party requesting the signature still desires to reveal confidential information to the non-party, the party that has requested the signature shall notify the opposing party of a third party's unwillingness to sign. The parties shall then meet and confer to reach an appropriate solution. If the parties are unable to resolve the dispute informally, the party seeking to disclose the documents shall have fifteen (15) calendar days from the meet and confer to file a motion seeking relief from the Court.

12. Information designated "CONFIDENTIAL" pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom confidential information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to counsel for the party which made the designation, and permits counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of such subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

13. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof,

1 relying on examination of stamped confidential information.

2     14.   A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party's counsel has indicated which material it would like copied and produced. During the inspection and before designation, all of the material made available for inspection shall be deemed confidential. After the inspecting party's counsel has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend "CONFIDENTIAL." Nothing in this paragraph requires the receiving party's counsel to inspect documents before they are copied for production. It is in the requesting party counsel's sole discretion to have delivered a complete set of responsive documents to a discovery request without prior inspection of said responsive documents.

    15.   Unless otherwise ordered or agreed to in writing by the producing party, within sixty (60) days after the final termination of his action, including any appeals, each receiving party must return or destroy all confidential information to the producing party. As used in this subdivision, confidential information includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the confidential information. Notwithstanding this provision, the Receiver is not required to return or destroy any copies of its client files produced by Sedgwick. Additionally, counsel in this action are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain confidential information. Any such archival copies that contain or constitute confidential information remain subject to this Order as set forth in paragraph 8 above.

    16.   This Order shall apply to all parties, including all parties that may be brought into this case after execution of this Order, and to all non-parties producing

1 | or receiving confidential information.

2 |     17.    If, by inadvertence or otherwise, any confidential information is
3 | disclosed to any person not authorized to receive it under this Order, then the
4 | disclosing person shall promptly identify the recipient(s) and the circumstances of
5 | the unauthorized disclosure to the relevant producing person(s) and use best efforts
6 | to bind the recipient(s) to the terms of this Order.  No information shall lose its
7 | confidential status because it was disclosed inadvertently or disclosed to a person
8 | not authorized to receive it under the terms of this Order.

9 |     18.    The Court shall retain jurisdiction, even after termination of this
10 | lawsuit:  (a) to make such amendments, modifications and additions to this Order as
11 | it may from time to time be deemed appropriate upon good cause shown; and (b) to
12 | adjudicate any dispute respecting improper use or disclosure of confidential
13 | material.  The parties may provide by stipulation for exceptions to this Order.

14 |     19.    Nothing in this Order shall be deemed to relieve a party from
15 | producing documents or from making timely responses or objections to discovery
16 | requests.  Nothing in this Order shall be deemed a waiver of any party's rights to
17 | oppose production of any information, whether or not confidential, upon any proper
18 | grounds.  No party waives any right to object on any grounds to the use in evidence
19 | of any of the material covered by this Order.  Nothing in this Order is intended to or
20 | should be construed as authorizing a party to disobey a lawful subpoena issued in
21 | another action.

22 |     **FOR GOOD CAUSE SHOWN,** this stipulated protective order regarding
23 | confidentiality of material, in its entirety, is hereby ordered into full force and
24 | effect.

Dated: June 04, 2012

                            The Honorable Robert N. Block
                            U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Order that was issued by the United States District Court for the Central District of California on _____ in the case of THOMAS SEAMAN vs. SEDGWICK LLP, Case No. SACV11-664 DOC (RNBx).  I agree to comply with and to be bound by all the terms of this Confidentiality Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____