O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-0664-DOC(RNBx)					Date: July 28, 2014

Title: THOMAS A. SEAMAN -V- SEDGWICK, LLP

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER OVERRULING OBJECTION AND ADOPTING PROPOSED REPORT AND RECOMMENDATION OF SPECIAL MASTER [104] [107]

Before the Court is Defendant Sedgwick's Objection (Dkt. 107) to the Proposed Report and Recommendation of the Special Master (Dkt. 104). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the objection, the Court OVERRULES the objection and ADOPTS the Special Master's Report and Recommendation.

**I.    Background**

The parties have litigated the question of Request for Production ("RFP") 57 over the course of several motions to compel. *See* Abdollahi Decl. Exs. 6-14. Sedgwick asserts that all of the responsive documents that the Receiver claims are privileged should be disclosed because the Receiver waived any privilege by placing the contents of the documents "in issue." Specifically, Sedgwick claims the documents address the Receiver's research and investigation into filing lawsuits against attorneys and law firms associated with the MedCap receivership, and so are relevant to Sedgwick's statute of limitations defense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-0664-DOC(RNBx)                     Date: July 28, 2014
                                                     Page 2

The Receiver asserted in his Third Amended Complaint ("TAC") that he was reasonably diligent in investigating the claims at issue, and that after time accounted for in tolling agreements, "the date or dates upon which the Receiver discovered or should have discovered the facts constituting Sedgwick's wrongful acts were within one year of the filing of the original Complaint in this action." TAC ¶ 30. The Receiver alleged that he did not discover the pertinent facts until he had the opportunity to review certain files and interview Sedgwick personnel. TAC ¶¶ 28-29. This process was delayed by the need to quickly locate and secure the receivership assets. *Id*.

The specific dispute is over the Receiver's responses to RFP 57. Sedgwick served RFP 57 on July 3, 2013, requesting:

> All DOCUMENTS not previously produced in YOUR possession, custody or control (including DOCUMENTS in the possession, custody or control of YOUR counsel) concerning the LAW FIRMS between the date of YOUR appointment as Receiver and the date of the filing of YOUR lawsuit against SEDGWICK, and specifically including, but not limited to, any DOCUMENTS concerning YOUR investigation of YOUR claims against the LAW FIRMS and any COMMUNICATIONS relating thereto.

Report (Abdollahi Decl. Ex. 18) at 2. In November 2013, the Special Master ordered the Receiver to respond to RFP 57, with the following limits:

> Plaintiff is ordered to respond to Request for Production No. 57 with two limitations. First, the term "LAW FIRMS" in the request shall be defined to include the following three law firms, and their partners, associates, and employees: (a) Sedgwick LLP; (b) Manatt, Phelps & Phillips, LLP; and (c) Thomas R. Fazio as general counsel of Medical Capital or any of his law firms (Fazio, Rynsky & Associates LLP, Blodnick, Fazio & Associates, PC, and/or Blodnick, Conroy, Fazio & Diglio, PC). Second, the scope of the request shall be limited to the production of documents concerning Plaintiff's investigation of the LAW FIRMS and communications related thereto, from the date of Plaintiff's appointment until the filing of his lawsuit against Sedgwick. This limitation on the request is made without prejudice to Sedgwick requesting a broader production in the event that the documents produced by plaintiff justify a broader scope of production.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-0664-DOC(RNBx)            Date: July 28, 2014
                                                                    Page 3

*Id.*

       Eventually, the Receiver produced 393 documents as responsive to RFP 57, and a privilege log with 878 entries. *See* Abdollahi Decl. Ex. 13 at 5. On April 1, 2014, Sedgwick moved via letter brief to enforce the Special Master's most recent order and to compel production of all of the documents listed in the Receiver's privilege log on several grounds, one of which being that the Receiver waived any work product doctrine or attorney-client privilege. *Id.* at 6-14. The Receiver responded on April 15, 2014. *Id.* Ex. 14. The Special Master held a hearing and issued a Report and Recommendation. *Id.* Ex. 18.

       In his Report, the Special Master recommended the following: (1) that the Receiver produce to the Special Master the documents associated with three billing records in the main MedCap case that Sedgwick identified as relating to the statute of limitations; (2) that the Receiver must perform additional searches using specific terms set out by the Special Master; (3) that the Receiver has not waived attorney-client privilege or the work product doctrine on the basis of untimely objection or asserting the discovery rule; and (4) that the Receiver must submit documents for in camera review related to communications now-former employees for the Special Master to determine whether the Receiver waived privilege regarding those communications in light of the discovery rule or another basis. *See* Report at 3-7.

       On the issue of the discovery rule, the Special Master specifically stated: "Sedgwick argues that by alleging the discovery rule in his complaint so as to avoid the statute of limitations bar, Plaintiff has waived the privilege and Sedgwick has no other means of obtaining this vital information. Sedgwick's request is denied. There has been no waiver of either the attorney-client privilege or work product doctrine." *Id.* at 7.

## II.     Legal Standard

       "[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)); *see S. Cal. Gas Co. v. Pub. Utils. Com.*, 50 Cal. 3d 31, 40 (1990). If the court finds a waiver, it must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-0664-DOC(RNBx)            Date: July 28, 2014
                                                                               Page 4

"impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). The scope of the waiver should be "closely tailored . . . to the needs of the opposing party in litigating the claim in question." *Id.*

The Court reviews de novo all objections to the special master's report, including legal conclusions and findings of fact. Fed. R. Civ. P. 53(f)(3), (4). Parties may stipulate, with the Court's approval, to a clear error standard for factual findings, or that factual findings are final. Fed. R. Civ. P. 53(f)(3)(A), (B); *see* Wright & Miller, 9C Fed. Prac. & Proc. Civ. § 2612 (3d ed.). The order appointing the special masters in this case contains no provision modifying the de novo standard for deciding objections. *See* Order Appointing Special Masters (Dkt. 80) at 1.

### III. Discussion

The Court agrees with Sedgwick that, to the extent a document is pertinent to when the Receiver became aware, or should have become aware, of the claims against Sedgwick, the first two prongs of the implied waiver standard are met. The Receiver has certainly put his knowledge of the facts underlying these claims "at issue," and there is no doubt that he filed suit. It is not so clear, however, that all of the documents in the privilege log are "vital," or that the scope of RFP 57 is narrow enough to have captured only those documents for which the privilege was waived.

As to whether the documents are vital, Sedgwick states that it "has no other means of testing such knowledge other than discovery into Plaintiff's documents and recollections." Obj. at 13. The Court is unable to determine on the present record whether some or all of the documents listed in the privilege log are "vital" to the defense. To the extent that any of the produced documents might fall into a narrower scope of discovery, however, it appears that those documents would meet the requirements for being "vital." The Receiver previously argued that Sedgwick could retrieve the same information through depositions, interrogatories, or requests for admission. Abdollahi Decl. Ex. 14 at 8. The fact that a party may take depositions or gather surrounding facts, however, may not be sufficient to allow that party to test a claim. *See United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999) ("If the government has no access to the subpoenaed documents and other communications because of the privilege, it would be forced to rely almost exclusively on Amlani's and Katz's characterization of events.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-0664-DOC(RNBx)                        Date: July 28, 2014
                                                                                      Page 5

The scope of RFP 57 is also too broad for all responsive documents to fit into the "at issue" waiver of privilege. The request covers "the production of documents concerning Plaintiff's investigation of the LAW FIRMS and communications related thereto, from the date of Plaintiff's appointment until the filing of his lawsuit against Sedgwick." The *Rambus* court rejected a similar scope, noting that an order to produce "any and all documents . . . that discuss, refer, or relate to" the facts at issue "does not demonstrate narrow tailoring." *Rambus Inc. v. Samsung Electronics Co., Ltd.*, C-05-02298 RMW, 2007 WL 3444376, at *6 (N.D. Cal. Nov. 13, 2007). Instead, the Court permitted document production only as to: "(1) documents demonstrating Samsung's subjective knowledge of Steinberg's work for Rambus, or the objective circumstances relating to Steinberg's work for Rambus, prior to the critical date(s) for Samsung's tolling allegations, and (2) documents demonstrating the confidential information that Steinberg knew which Samsung now alleges Steinberg and Rambus misused in breach of Steinberg's fiduciary duties." *Id*. at *7.

This is consistent with limitations imposed by other courts. *See Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir. 1989) (finding that deposition of plaintiff's attorneys was appropriate to determine when plaintiff should have known facts vital to RICO claim, but narrowing deposition questions to only those necessary to determine "what Conkling knew and when he knew it"); *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, C08-02581 JF (HRL), 2009 WL 3415375, at *3 (N.D. Cal. Oct. 21, 2009) *objections overruled,* C 08-2581 JF (HRL), 2009 WL 4981156 (N.D. Cal. Dec. 15, 2009) (finding privilege waived only as to "communications that demonstrate when and how [plaintiff] learned of the alleged fraud, as well as communications that relate to whether [plaintiff] had actual or presumptive knowledge of facts such that [plaintiff] was on inquiry of such fraud"); *In re Imperial Corp. of Am.*, 179 F.R.D. 286, 290 (S.D. Cal. 1998) (limiting discovery on statute of limitations issue to when Plaintiff's attorneys became aware of facts placing them on notice of claim, and what those specific facts were, noting that an implied waiver of privilege did not constitute a "wholesale waiver" of all privileged information).

The Court therefore agrees with the Special Master that no blanket waiver of privilege has occurred with respect to all documents responsive to RFP 57. The Court also cannot determine if any of the documents noted in the privilege log are "vital" to the defense and fall within an appropriately narrow scope. The Special Master has already ordered specific documents relevant to these questions submitted for in camera review. The proper scope for the waiver should include only those documents demonstrating

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 11-0664-DOC(RNBx)            Date: July 28, 2014
                                                                                  Page 6

when the Receiver and his counsel learned of the facts putting them on notice of their claims, and what those specific facts are.

       Sedgwick further asks the Court to exercise its equitable power over the receivership to force disclosure. The Court declines to do so.

### IV. Disposition

       Because the Court finds that Sedgwick has failed to meet its burden to show that the Receiver waived privilege with respect to all documents responsive to RFP 57, Sedgwick's objection is OVERRULED. After de novo review, the Court ADOPTS the Report and Recommendation of the Special Master (Dkt. 104). This is without prejudice, however, to Sedgwick requesting narrower production or in camera review of items in the privilege log that appear responsive to a narrower scope, by whatever procedure the Special Master deems appropriate.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                       Initials of Deputy Clerk: jcb